All rise. Hear ye, hear ye, hear ye. The United States Courts of Appeals will be about to start this now, and will call the class of the United States. Please be seated. We have one appeal to hear this morning. Counsel, we're familiar with your case. We've read your briefs, already cited in your briefs. We've looked at portions of the record. So you can get straight to the heart of your argument. Mr. Leck, you want to come forward and speak to us? I have one question before you get started, which is, this case was previously set for oral argument, and there was a motion to continue because of a health issue with your co-counsel. But you were counsel of record at the time, and I wondered why you couldn't have argued it then, and here you are today. You are arguing it. Is there some reason why you couldn't have argued this back then? Well, Your Honor, at the time in October, Ms. Smith, who was first chair on the case, had done all the preparations for oral argument. And unfortunately, she had surgery, and after that found out that she was going to require another surgery and additional treatment. And so in the interim, I've now prepared for oral argument. Yeah. Well, you know, it's great to have two lawyers on a case, and when that happens, you know, sometimes maybe the best thing to do is just to go ahead. And scheduling these isn't always easy in these cases, particularly the capital cases go on forever. And the motion did not mention why you couldn't argue it, which was curious to me. But maybe we could have done it last time. But I just wanted to ask about that. Yes, Your Honor. Well, apologies to the Court, and we certainly appreciate that you rescheduled. Absolutely. Well, why don't we get started. May it please the Court, Alison Dulak on behalf of Justin White. This is a matter of first impression in this circuit, and the facts are unique. The procedural history of Mr. White's case places him in a small class of habeas petitioners, unlike those typically seeking a reinstate. It's hard for me to understand how we have jurisdiction in this case. Ordinarily, we wouldn't. Why do we have jurisdiction? We believe that you have jurisdiction pursuant to the collateral order doctrine. How is this not reviewable following a final judgment? I guess the petition that you have in the Supreme Court of Alabama is still pending? Yes, Your Honor. So when the Supreme Court of Alabama denies that, and I have no doubt they will, then you've exhausted your state remedies, right? Yes, Your Honor. And this case is still pending in the district court. You could amend, right? Yes, Your Honor. So what should we do if the Supreme Court of Alabama denies that cert petition? It's been pending at least a few weeks. Well, once the Supreme Court of Alabama denies the cert petition, then this appeal would be moot. And then we would seek to amend our current petition. And move to dismiss this appeal? Yes, Your Honor. Okay. But even if that were not to happen and it were still pending, hanging around for some reason in the Supreme Court of Alabama, there's nothing that would prevent us from telling the district court that it was error to deny you the stay and allow you to amend your petition, is there? Why couldn't that be done following a final judgment? Why does that have to be done in an interlocutory appeal? Well, because, Your Honor, the current order from the district court requires us to delete the claim. Or to move forward without it, right? Or dismiss the entire petition. So either delete the claim and proceed on the exhausted claims. At which point you have a final judgment, but you can have us revisit that on appeal, can't you? Well, it's concerning to us because if that's the case, then we would have a final judgment from the district court on the exhausted claims. While we still have this unexhausted claim sitting in state court. I know, but you would have preserved your argument that you should have been given the opportunity to amend and have . . . Or that you should have been given the opportunity for a stay in abeyance while you exhausted this claim. And if we thought that was wrong, we could review that following a final judgment, couldn't we? I don't understand why we have to have . . . How this can satisfy the collateral order doctrine. Well, again, Your Honor, I mean, because this is an issue of first impression, there was a concern regarding what would happen to that claim once it's deleted, as opposed to . . . That's what I'm exploring with you, Ms. Dweck, and I don't understand why that isn't reviewable following a final judgment. Well, if this court could fashion an order where the claim is preserved You asked the district court for this opportunity, for the stay in abeyance. If you go forward after the district court has denied you that opportunity, you can ask us, following a final judgment, to revisit that, can't you? Yes, Your Honor, but the issue would be then what happens to the claim? Well, it's still sitting in state court, and there has been no decision on the merits, a final decision, if you will, on the merits in state court, yet he's now here on appeal of his . . . Right, at which point we could say, following a final judgment, that the district court was wrong to deny you that opportunity for a stay in abeyance, and we're sending it back so that you have that opportunity to exhaust. Well, we'd have to reserve jurisdiction in our order, right? If we . . . Wouldn't we have to say that we reserve jurisdiction to entertain the unexhausted claim in our order? If we said that, then what does that say about whether or not the claim is reviewable or unreviewable on appeal from the final judgment in the underlying matter? I would assume that you would. Why would you assume that? Why would you assume that we have to reserve jurisdiction? If you came here . . . I'm talking about not what we're doing now. I'm trying to determine whether we have jurisdiction. And part of what you have to satisfy me, to satisfy us that we have jurisdiction, is that this would have been unreviewable following a final judgment. So let's assume, for the sake of the argument, that you have a final judgment. It comes to us and we say, you know, you should have been given a stay in abeyance, an opportunity to exhaust that claim. So we vacate the judgment and remand for the opportunity to do all of that, assuming that it's still pending in state court. I don't know . . . Why would we have to reserve jurisdiction? That would be an appeal following a final judgment. We'd be sending it back to the district court. Well, so when we come back to this court, following the final judgment on his exhausted claims, we would need a certificate of billability on whatever claim or claims were determined by the district court. And so . . . Well, what you would . . . At the end of the . . . So you get a final judgment, and one of the issues you could present for a certificate of appealability is the denial of the stay in abeyance issue. And you'd have to show to . . . It might be a tough showing . . . that the underlying claim itself is one about which jurist of reasoning would debate. But . . . You could do that, right? Yes, but then if the certificate of appealability is denied, then Mr. White has never had that claim heard on it. Well, if it's denied, it's because it's frivolous, right? Well, but that . . . Our COAs are denied on claims for relief all the time. Right, but you would have a merits determination at that point from the state court. And so the claim would not . . . I thought the assumption was that this was still . . . this hadn't been exhausted in state court. Well, I apologize, Your Honor, then I guess I'm confused. So if we had the COA on the claim, we could be granted the COA on the claim while it's still in state court? Well, you could seek a certificate of appealability about any issue that was decided by the district court, it seems to me. You can tell me why that's not the case. One of the issues that the district court would have decided was to deny your motion for a stay in abeyance. You could argue why jurist of reason would debate the procedural ruling by the district court about that. You would also have to convince whoever is going to grant the certificate of appealability that the underlying claim is one about which jurist of reasons would find debatable. But you'd be able to do all that, right? Your Honor, it was unclear. If you say that we can do that, then I accept that. But it wasn't . . . The point of this is for you to come in and help us. You're supposed to know more about your case than we are. I'm just trying to figure it out, why it is that you thought that we have jurisdiction over this appeal. It sounds like you're saying, well, if you say that, then we do. Well, what . . . You just want to make sure that if we say we don't have jurisdiction, that we don't have appellate jurisdiction, you don't lose the opportunity to litigate the Eighth Amendment claim later. Is that your concern? Yes, Your Honor. Okay. I guess what we're trying to figure out is, if we say we lack jurisdiction, do we have to say that we reserve jurisdiction to consider the Eighth Amendment claim in the event that it's unsuccessful in the Alabama state courts? Do we have to say that? Do you still have an opportunity to have that claim reviewed in state court if we say that we lack jurisdiction? Right. I think that you would have to reserve jurisdiction. Why? Because I think once we delete the claim from his federal habeas petition, then it's gone. Well, let's say you deleted it tomorrow.  And the Supreme Court of Alabama, before Judge Mays enters the final judgment, denies your cert petition. You could then go to Judge Mays and move to amend, couldn't you? Yes. Well, we would . . . This is why I'm having . . . I'm confused. I don't see why it's necessarily gone. Then you've exhausted it. And you can come to Judge Mays and move for leave to amend, right? Yes, Your Honor. Once the claim is fully exhausted.  But we . . . It's not gone just because we say we dismiss this appeal for lack of jurisdiction. Well, but it is if the claim is in state court and we have deleted it. It's no longer . . . Explain why that is. Why the fact that you deleted it while it's in state court, does that mean that you've lost the claim forever? If it was error for the district court to not grant a stay, and you come back up on that appeal. Well, because the claim no longer exists in his federal habeas petition. And so the district court would proceed, considering the exhausted claims that he has, applying epidepherence to those claims and the decisions of the state court. But you've preserved your objection that the district court should have allowed you to amend. You see? I don't understand why that's not going to still give you the opportunity to have us revisit this. I think that the distinction is that what we have in front of us is where we can either delete the one claim and proceed on the exhausted claims as they are. Or if we chose not to do that, then his entire habeas petition would be dismissed. And so we don't have a great option either way. Okay. And so you have a state court who's hearing one claim, and that's proceeding. And then you have the federal court who would be proceeding on a different issue. Let's assume we have jurisdiction, okay? For a moment, I don't think we do. I can only speak for myself. But even if we have jurisdiction, I don't see how Judge Mays possibly erred here. The Supreme Court's made clear that if it's a meritless claim, that a stay in abeyance does not have to be granted by a district court. And your argument, the Supreme Court of the United States has held, squarely held, that the Alabama judicial override process is constitutional, does not violate the Eighth Amendment. And I understand that the Alabama legislature has decided going forward, not retroactively, only prospectively, to stop its practice of judicial override. But the Alabama legislature can't change holdings of the Supreme Court of the United States by deciding not to pursue that process going forward. How can that possibly have any merit? Well, Your Honor, first of all, the standard on plainly meritless is where the claim has absolutely no hope of prevailing. I see absolutely no hope of prevailing. Explain to me how it is that if the legislature of Alabama decides that we're not going to allow, we're not going to have judicial override anymore, notwithstanding the fact that the Supreme Court of the United States has held that it's constitutional for us to do so. But we're only doing that prospectively. We're not upsetting any of the previous judgments. It's not to be applied retroactively. How does that in any way change the binding nature of Supreme Court precedent for us? I mean, Supreme Court's upheld this process. That's binding law for us, isn't it? Well, it's binding law for this court, yes. But the claim is being heard on the merits in the state court. It was denied pursuant to Rule 32.7d, which this court has said many times is a merits determination. I don't understand why that means that it's not frivolous, though. Well, if the state court is considering the merits, then it's not plainly meritless by its nature. It's considering the merits. Denying it is meritless, which is what the Rule 32 trial court did, summarily affirmed by the Alabama Court of Criminal Appeals. How does that mean it's not plainly meritless? They determined it was without merit, but they did consider the merits, so they didn't say that it was frivolous and they were just going to dismiss it. They're not obliged to call it frivolous for Judge Mace to look at it and say it is frivolous. He does not compromise his ability to look at it and say this is plainly meritless. Well, again, Your Honor, if Mr. White's in the process of exhausting his claim, it should be exhausted. He should have a state court determination. But you recognize that the Supreme Court said a federal court, one option is if the claim is plainly meritless, the federal district court does not have to allow you that stay in abeyance, right? Yes, 2254B. Maybe I misunderstood your argument. I thought your argument was that things have changed since Harris v. Alabama in 1995 and that your claim here is whether or not the Eighth Amendment has been violated because of evolving standards of decency and that all of the states now have eliminated judicial override, including Alabama. And so we've got a different issue than what we had in 1995 when Harris v. Alabama was decided. Is that your argument? Yes, Your Honor. But the Supreme Court of the United States has never suggested, has it, that when it is squarely held that a process like this is constitutional, that the fact that Alabama decides not to continue it going forward, that that would somehow change the law for us. Well, it has, but the Supreme Court has also considered and made decisions based on evolving standards of decency. Roper, Atkins, and so it's not as though that argument is completely off base. Evolving standards of decency in Eighth Amendment claims are often made. The Eighth Amendment, your argument is that notwithstanding that the Eighth Amendment didn't prohibit it when Harris was decided, that the meaning of the Eighth Amendment has since changed. And maybe it means something different today, even though the text of the amendment is the same. Well, candidly, Your Honor, I haven't briefed this argument because it's still sitting in the state court. However, the argument is that when the law changed and Alabama was the last state in the country to do away with judicial override, that that indicated . . . How many states ever had it? I apologize, Your Honor, I don't know. I could research that and notify the court. I know Florida had override and Alabama had override. I don't think it was many states with the death penalty that actually ever had override. But notwithstanding the fact that it was a relatively rare procedure, the Supreme Court upheld it, right? It did in Harris in 1995, yes. And that was when there were judicial overrides, is that right? Yes, Your Honor. Do you know whether or not any states now have judicial overrides? They do not. My question, though, is how many states ever had it other than Alabama and Florida? It's not like it was many to begin with, right? I don't know, Your Honor. I apologize. But it is true that every state that had it is eliminated. Yes, and it's true that Alabama was the last to do so. But only prospectively, not retroactively, right? The statute does have that language in it. You are correct. Anything else, Ms. Dwight? If the court has no further questions, we have reserved time for rebuttal. Okay. Thank you. Let's hear from Mr. Howells. May it please the court, good morning. I am Assistant Attorney General James Howells, and I represent the Commissioner in this appeal from the U.S. District Court for the Northern District of Alabama. Do we have jurisdiction? Respectfully, Your Honor, the Commissioner submits you do not. And that's where I would like to begin this morning. And perhaps not the most technical argument, but the easiest way to see why the court doesn't have jurisdiction is how clearly the District Court acted within its discretion in hearing the orders that are being challenged. And as this circuit has noted on many occasions, such purely discretionary acts pre-trial are rarely appropriate subjects. Does it satisfy the collateral order doctrine? That's your adversary's argument. It does not. Why not? One, because it's not completely collateral and separable from the underlying petition. And some of the discussion that was had earlier Is it unreviewable following a final judgment? Is it unreviewable following a final judgment? Absolutely not, Your Honor. And in fact, going back to the discussion earlier, the Commissioner would disagree that the court would have to reserve jurisdiction under that situation because the court's order denying a stay and its subsequent order requiring Mr. White to delete the unexhausted claim from his petition upon pain of having the entire mixed petition dismissed otherwise is a part of the record. It can be challenged. Even though the claim is deleted? The claim is deleted, though, right? It was deleted under order of the court. And if the order was erroneous and we wanted to vacate it, we could vacate it and send it back for it to be allowed, right? Yes, Your Honor. And I would say this is very similar to the situation that was in Crane v. Secretary Ford of Department of Corrections that was cited in our brief. Granted, that dealt with motion for substitute counsel in a 2254, but the same situation applies. If the court says you cannot have substitute counsel, the remainder of that proceeding goes on without substitute counsel. If this court says you messed up, District Court, you abused your clear error of judgment, he should have had substitute counsel, you send it back and have the trial court fix it. You start over again with substitute counsel, right? And there's nothing different here because the court could enter an appropriate order. It could send it back to the District Court. Let me ask you this. If Mr. White deletes the unexhausted claim and proceeds on the exhausted claims, is there a statute of limitations problem if they come back later and say the District Court erred in not granting the stay and abeyance? I don't believe that there is, Your Honor, because as they have pointed out in their brief, they filed the successive petition in state court prior to the earlier petition running. So technically, if their argument is correct, there was no time coming off the ADPA statute of limitations, and there still shouldn't be. They do have the successive petition problem of unless this court were to reverse and send it back and tell the District Court to stay and enter an appropriate order about the timing, they would have to come in. But even that does not show that it's effectively unreviewable because it's odd to say that the District Court committed a clear error of judgment on its Eighth Amendment ruling, finding that it's plainly without merit, but yet they don't believe that they could come in and convince a panel of judges in an application for a successive petition that there's this new rule of constitutional law that was unavailable to them until 2017 when the legislature amended the statute, or alternatively, that that is a fact that establishes that he's innocent of the death penalty that he couldn't have brought earlier to get a successive petition. So the fact that he says he's afraid he cannot get review is not the same thing as saying there's not review available to him. And that always goes back to this case has no merit, and the District Court did not commit a clear abuse of discretion when it's so held, because Harris is the controlling precedent. When we talk about the merits, the reason this is not inseparable from the underlying petition is ADIPA governs this case. So the question is, in a habeas petition, can you extend Supreme Court precedent beyond its holding? Can you use the dicta in the way that he wants? Multiple cases say you can't. And I will go back to the cases that Mr. White and my friend cited earlier. Kennedy, Atkins, Graham, these are all cases that either pertain to characteristics of the accused that makes the death penalty inappropriate, such as juveniles and mentally retarded individuals, or that restricts the category of crime for which the death penalty is appropriate, such as non-murder crimes like rape. There's never been evolving standards of decency case dealing with sentencing procedures. And so Mr. White's best alternative, if he's seeking a merits determination favorable to him, is to seek certiorari review at the end of his Rule 32, because if the Supreme Court is going to change its holding in Harris, it has to be at that point, because it cannot occur in a habeas proceeding under governing ADIPA law. Right. It can only happen on state collateral review. Now, I'm not sure I've seen before where a district court orders a petitioner to delete a claim. That seems pretty unprecedented in the district courts. To order a petitioner to delete a claim? Well, I mean, it's certainly something that the Supreme Court has endorsed, because reading from Rahn's, if a petitioner presents a district court with a mixed petition and the court determines that stay in abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. So what the district court did has been endorsed. That's a little different, though, than ordering him to delete the claim. Isn't it? I disagree respectfully, Your Honor, because the only alternative to the district court, if he doesn't dismiss the petition, is to dismiss the entire petition because it's a mixed petition. And that's black letter law. You can't bring a mixed petition. The district court gave him that choice, right? Yes, Your Honor. It was a choice. It didn't say you have to just delete it. You can do either or. And that's just how it works. The district court said that? Gave him a choice? It did, Your Honor, because if the district court did not give him the opportunity to delete the unexhausted claim, then it would only have the option of deleting the mixed petition or dismissing the, which would have provided final review. And again, I go back to Mohawk Industries where the Supreme Court affirmed this court's denial or finding of lack of jurisdictional and collateral appeal in the attorney-client context where they said, hey, if you really believe in your position, why don't you just take contempt of court for not complying? That's an appealable order. You can bring it up. You can get review that way. And I know that's not attractive to an attorney to take contempt to come up and get final review or a review of an order. But that's no different than saying, hey, if you really believe that you're in the right, why don't you make the district court dismiss the mixed petition and bring it up then? Now, obviously, that would not be the wise choice. And it's understandable why the district court would say dismiss the unexhausted claim. Let's litigate the exhausted claims. Now, going back to the collateral order doctrine, I would like to note my friend argued that in briefing that Rhines itself is evidence that collateral order doctrine applies because it came up to the Supreme Court through the Eighth Circuit. But I would note that the other court of appeals, too, have addressed that same argument, have rejected it for good reason, mainly because the jurisdictional issue was neither briefed nor addressed. All of those were grants of stays, weren't they? Every case where I could find where a sister circuit had ruled that it lacked jurisdiction was a case where there had been a grant of a stay. Am I wrong about that? You're not, Your Honor. But again, that would speak to I'm not saying it changes the result. I'm just asking as a factual matter, are you aware of any decision of a sister circuit where there was a denial of a stay and then a ruling on the jurisdictional issue? No, Your Honor. In the one case I'm trying to think of is the Eighth Circuit decision, Howard v. Norris, which was where the prisoner appealed after the grant of a stay because they disagreed about whether the claim had been exhausted or not. Do you agree with your friend that if the Supreme Court of Alabama tomorrow were to deny the pending cert petition from the Rule 32 proceeding, that we would need to dismiss this appeal as moot? That would certainly be the most obvious choice. However, the Commissioner would suggest under these circumstances that this would be an issue that is capable of repetition yet avoiding review because of the situations. I will go back to the important issues at stake here when we talk about what is important and separate. It's not capable of repetition yet evading review involving this petitioner, is it? Not this petitioner, but this situation. I think that the law is that it has to be capable of repetition yet evading review for the actual litigant. I believe your answer is correct. I stand corrected. The concern here is the important issues at stake are ADIPA's goals of finality, streamlining federal review of state convictions, and comity, none of which are promoted by interlocutory appeals of these types of discretionary acts. In this case, I would note that Mr. White was ordered to delete the unexalted claim by December of last year. Because of these proceedings, the case is essentially mired down in the district court. At some point, on the question of jurisdiction, the issue needs to be addressed and answered because there is the ability to get final review of this after a final judgment. I understand all of that, but if the Supreme Court of Alabama denies the cert petition, then it's moot. We like jurisdiction to do anything other than dismiss it, it seems to me. That would be correct, Your Honor. That is not to say, however, that the district court would be required to allow leave to amend the petition to add it back in.  Which, again, would be a question that would be reviewable as part of a final judgment. Because it's simply a non sequitur to say that an order to denying substitute counsel can be addressed, as this court did in Crane, but that an order saying you're not going to get a stay suddenly becomes unreviewable as part of a final judgment. Or that a subsequent order requiring the petitioner to dismiss an unexhausted claim upon pain of having the mixed petition dismissed, if they don't, would not be reviewable. And if the court found error, would not be able to send it back and say, grant the stay if required. Enter an appropriate order to ensure timeliness of going to state court and returning to state court and hear the unexhausted claim. If we say that we lack jurisdiction under the collateral order doctrine, and then a final judgment is entered in Petitioner White's case, and is the State of Alabama satisfied that we still will have an opportunity to consider the Eighth Amendment claim if it's denied in the Alabama court after that? I would say, Your Honor, the court would have the opportunity to address the non-jurisdictional components of this claim, which is, did the court abuse its discretion, clear error of judgment, in denying a stay on the basis that the claim was unexhausted, which doesn't appear to be challenged here. Everybody agrees it's unexhausted, and plainly without merit. But what about the decision by the Alabama Supreme Court, though? If he's unsuccessful in state court in Alabama, does he still have an opportunity to have that claim reviewed without it having been lost? Again, at this point, with the procedural history of this case, with the posture of the case today, if the Supreme Court denied cert on Friday, Mr. Petitioner would go to the district court and seek leave . . . Well, at this point, he hasn't deleted the unexhausted claim, so he could ask the court to reconsider the order. But if the district court denied that . . . I'm talking about after final judgment in the district court. Well, again, maybe this would help, Your Honor. Let's assume that final judgment is entered. The case is still pending in the Supreme Court of Alabama. It comes to this court, and this court says, clear abuse of discretion or judgment in denying the stay, and as a result of that, in requiring him to delete the unexhausted claim at risk of having the mixed petition deleted. The court enters an order that sends it back and orders the court to grant a stay until such time as the claim can be exhausted. And then after the Supreme Court of Alabama denies cert, then the petitioner moves to amend his petition for the now exhausted claim, and it can be considered, right? Yes, Your Honor, because at this point, the non-jurisdictional question before the court . . . because let's remember, ADEPA in the statute itself says that a district court may deny an unexhausted claim on the merits, notwithstanding the failure to exhaust, that the State doesn't have to consent to having an unexhausted claim denied on the merits. And the Supreme Court made the analogy in Rhines that this is no different. The district court looked at it and said it could imagine no circumstances in which an adverse ruling on the merits in state court would be contrary to or an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court on the basis of Harris, which wasn't even addressed by Mr. White in his habeas petition. And that is a highly defensible position because, as I noted earlier, the cases that my friend cites are all cases dealing with the type of individuals fitting for the death penalty or the types of crime fitted for the death penalty, not the sentencing procedures, which to my knowledge haven't been addressed in evolving standards of decency jurisprudence ever. Do you know how many states had judicial overrides other than Florida and Alabama? I do not, Your Honor. Are you aware of any that didn't? I'm sorry, Your Honor? Are you aware of any that did other than Alabama and Florida? I am not. Yeah, I know. But how much of your career have you spent litigating capital cases? Twenty years, but it was always for the state of Alabama, Your Honor. So, I mean, very rarely do we have reason. And, again, going back to the fact that this isn't about You have to read decisions of the Supreme Court of the United States, our Absolutely, but, again, going back to the types of decisions that a prosecutor in Alabama, you know, fluent in Alabama procedure would have to learn about, are those dealing with the class of offenders fitted for the death penalty or the types of crimes fitted for the death penalty, but not the actual sentencing schemes? When that comes up, it's typically not in the Eighth Amendment context. It is in a different context altogether. Do you agree that plainly meritless in Rhines is akin to a frivolity standard, more so than an actual merits determination? More of a threshold question, I guess I might say. I don't know that I would agree with that, Your Honor, because, again, Rhines sort of makes clear that they make it akin to denying a claim, an unexhausted claim on the merits which the statute permits, notwithstanding the failure to exhaust the district court. Is a frivolity standard really any different from It's a kind of merits determination, isn't it? If you say it's frivolous. Well, I mean, that is certainly a merits determination, isn't it? There could be a closer call. Plainly meritless seems to me to be How would that be different from frivolous? I don't think that was a gotcha question from my colleague. I'm having a hard time understanding how that would be any different. Plainly meritless, I would say, could be akin to frivolous. What I'm trying to think of, Your Honor, is the case where If this were an ache question, for example, where the idea of whether it is extended beyond certain holdings of the Supreme Court might be a closer question. I could see a court saying that they doubt that it has merit, but allowing it to go forward or staying it, which is what Rhines would say to do if it's potentially merit, because that is the alternative is potentially meritorious, which means that there is some, I would almost say the debatable among jurists of reason kind of standard, which this case is not. There is a difference between plainly lacking in merit and potentially meritorious, though, isn't there? Again, I think that's where I would say the potentially meritorious would be if you could see it being debatable among jurists of reason. Let me ask you this. Would a state court or the district court or our court have any discretion whatsoever under existing Supreme Court precedent in deciding that argument in the light of Harris? The state court would have more leeway than this court because the state court is free to Is this a matter of the Eighth Amendment? This was an Eighth Amendment claim. It is, but I do believe the Alabama Supreme Court has the right to interpret the Eighth Amendment according to its own... You're not bound by Supreme Court precedent about the Eighth Amendment? Your Honor, I'm saying if any court is ever... Let's go back. The Supreme Court of the United States has held that judicial override in Alabama, the very procedure by which he was sentenced to death, does not offend the Eighth Amendment, right? Yes, Your Honor. And you're telling me that the Alabama courts could say something different from what the Supreme Court has held? What I'm suggesting, Your Honor, is the only situation in which an argument where someone says this is a new fact supporting an Eighth Amendment... That's the law. As I understand the argument that my colleague has put forward, the argument is the statute's adoption to them, even though it excludes Mr. White, is a fact making the evolving standards of decency today different than what they were in 1996. I can follow that. But even if that were true, it's not. The only type of court that could make that determination... would be the Supreme Court of the United States. The Supreme Court of the United States has held repeatedly that we're not to anticipate whether their decisions have been abrogated or should be overruled. That we have to... Hasn't it? Hasn't it held that we're bound squarely by their holdings unless and until they decide to overrule and that's their prerogative? I assure Your Honor that I'm not trying to snatch defeat from the jaws of victory here. No, I'm just honestly asking the question. You're telling me that's not the law? To the extent that the evolving standards argument... When the legislature amended Alabama's law, it changed our sentencing procedures. Our sentencing procedures are different today than they were at the time Harris was decided. Yeah. From a technical standpoint, and I mean hyper-technical standpoint, I can understand the argument that my friends... Wait, wait, wait. It hasn't changed. He was sentenced to death once upon a time under a procedure that at the time was exactly the same as the Supreme Court decided in Harris, right? Yes, Your Honor. And the question is whether that decision at that time was a violation of the Eighth Amendment, right? It's not whether sentencing him to death today would be a violation of the Eighth Amendment. It's whether it was at the time he was sentenced to death, right? I guess I read Mr. White's argument as being that because Alabama's sentencing procedure is different today than it was then... But he's not being sentenced today. That's my point. Let's go back. When was he sentenced? My question is, if you're Judge Mays and you're looking at this, do you have any prerogative whatsoever to reconsider what the Supreme Court said in Harris? And let me back it up to the point where I think you got me on this detour, Mr. Howells. You're telling me the Supreme Court of Alabama could say that as of the time he was sentenced to death and Harris was the law and nothing had changed, that the Supreme Court of Alabama could say, we don't care about Harris? Eighth Amendment has been violated? No, and that goes back to my earlier point, Your Honor, that in the habeas, again, why I believe this is not separable and collateral from the underlying petition is because all of these questions are being governed by ADEPA. ADEPA asks that question. What is the controlling law? ADEPA is what would govern Judge Mays. My question is, would the Supreme Court of Alabama be at liberty to hold that his death sentence violates the Eighth Amendment even though in Harris the Supreme Court held that it does not? I think it suffices to say they would have more wiggle room than a federal court would. The Supreme Court of Alabama could overrule the Supreme Court? They would not be overruling Harris. They would say, here's what's changed since Harris. This is the new, and under this. I don't think that they would do that, Your Honor, but I'm saying that in these evolving standards of decency cases, the reason it happens on direct appeal or on certiorari from a post-conviction is because once you get to federal court, ADEPA governs what is clearly established federal law as determined by the Supreme Court, and it's the holding, not the dicta. And here we're talking about dicta and decisions that don't even apply to the sentencing procedure at play. I mean, I understand Your Honor's point, whether I'm wrong, whether I'm right. The bottom line is when Judge Mays made his determination that the Eighth Amendment claim presented in a habeas petition governed by ADEPA was plainly without merit, he acted well within his discretion. And then when he said, you have a mixed petition before me, you must delete the unexhausted claim or have the entire petition deleted, he was doing exactly what the Supreme Court told him to do in the Rhines decision. Neither of those was a clear abuse of judgment. And again, I go back to because... But in any event, that Eighth Amendment claim can be considered later if we determine that we lack jurisdiction. Yes, Your Honor. Okay. Because this court would have the authority, just like it talked about in Crane, to say, you know, district court, you got it wrong, you should have granted the stay. You should have granted the stay under these terms and conditions pursuant to Rhine. There's no reason this court should not be hearing the non-jurisdictional component of this claim at the time, if any, it reviews any final judgment in this case. And that would be if... With my little bit of time remaining, again, I go back to the issues at stake here are finality, streamlining federal review, and comity. And if Mr. White were to prevail in state court, there would be no need to return to federal court. If Mr. White gained relief in federal court on another exhausted claim, there would be no reason to occupy this court's time with this matter. If the district court acted well within its discretion, as it did in this case, there's no reason that it hurts Mr. White to wait to get here and have that claim resolved because it doesn't change anything. So if you're looking at what Rhine's focused on, which was Adipa's goals, then finding the lack of jurisdiction here both promotes Adipa's goals while sacrificing no important interest. And then the final matter is the fact that the district court found that it was plainly without merit speaks to the lack of important issues at play in this case. My apologies. So in conclusion, this court should dismiss the appeal for want of jurisdiction because final review of the relevant orders can be made as part of any final judgment because the issues presented are not wholly separate from the merits of the underlying habeas petition, which is governed by Adipa, and because the district court's determination that the unexhausted claim was without any merit is a finding that substantial or important issues are not at play or presented by this appeal. Alternatively, this court should affirm because the district court's determination that White's unexhausted Eighth Amendment claim lacks any merit was both correct and well within the discretion that was granted that court by Rhine's. If there are no other questions, the commissioner requests dismissal of the appeal. Thank you. Thank you, Mr. Howells. Mr. Leck, you've saved five minutes. Mr. Leck, it seems to me that even Alabama agrees that your unexhausted claim can be considered later if we determine that we lack jurisdiction under the collateral order doctrine. That's why you filed the appeal, right? Because you want to make sure that you don't lose the opportunity to appeal that claim or to have the federal courts consider that claim after it's exhausted in state court. Yes, Your Honor. I mean, our position is that Mr. White should have his claim heard on the merits following a decision from the state court. I think this most recent exchange with Chief Judge Pryor and Mr. Howells illustrates why merits determinations shouldn't be made at a Rhine stay. Well, the Supreme Court of the United States said it can be, right, in Rhines. It said if it's plainly meritless, you can deny the stay, right? Yes. So it is something the district court has to do. Whether the Supreme Court of the United States was wise to say that or not is a different question. They did say it, right? Well, what they said is that the court should analyze whether the claim is plainly meritless. Okay. They needed to look at whether it's meritorious or not. That's what the district court needed to do. You just said, well, we shouldn't be debating the merits, whether it's meritorious or not. The district court had to do that. Well, I guess, Your Honor, and I apologize that maybe we're splitting hairs or semantics, but I view that not having merit is different than being meritless on its own. I will agree with you. Not having merit is different from being plainly meritless, right? You would agree, would you not, that it's basically a frivolity standard, right? Well, I would agree that it's more of where it's like a legal impossibility. And so a lot of times you will see a... A frivolity standard? Is that what you're trying to say? I mean, there... I suppose it depends. I mean, frivolity is going to be closer to plainly meritless. I would agree with you. I'm just trying to... I don't know where the daylight is between the two. I mean, I would... Yes, I'm going to agree with you, Your Honor. Frivolity would be... Basically the same thing. Basically the same. As plainly meritless. It's the same thing. But we haven't had a finding that the claim was frivolous. Well, we have by the district court. But not in the state courts. Well, it's been rejected at each level of the state court so far, but I don't know what that has to do with why we're here this morning. We have to decide whether we have jurisdiction, district court. And Judge Wilson asked, hey, the Attorney General's office agrees this can be reviewed later. So the collateral order doctrine doesn't apply. Your response to that was, well, the exchange between me and Mr. House illustrated why we shouldn't be deciding whether this is... We shouldn't be deciding the merits or not. But Judge Mase, in deciding whether to grant a stay, was told by the Supreme Court in Rynes, look at whether it's plainly meritless or not. He determined it was plainly meritless. It didn't really answer the question. So do you have anything more to tell us about, one, whether we have jurisdiction, and two, if we do, why this was an abuse of discretion by the district court? Your Honor, my only other comment is in terms of collateral orders, the standard is that it's effectively unreviewable. Yeah, I don't see why it is. It becomes, if you delete the claim, we get a final judgment and we later decide following the final judgment that it was error for the district court to put you to that choice, we can send it back and you can get the opportunity then to pursue the claim following exhaustion. Thank you, Your Honor. Okay. I'm going to agree with you. Thank you. Okay. All right, Mr. Leck, we're adjourned for today. All rise.